Kinijoji COKANAVULA;
et al., Petitioners,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–73364.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 15, 2004.*

Decided Nov. 24, 2004.

Sarah J.M. Jones, Law Offices of Sarah J.M. Jones, San Francisco, CA, for Petitioners.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Dimple Gupta, Esq., DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: LEAVY, MCKEOWN, and BERZON, Circuit Judges.

MEMORANDUM **

Kinijoji Cokanavula, a native and citizen of Fiji, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of applications for asylum, withholding of deportation, and relief under the Convention Against Torture.[1] We have jurisdiction under the former 8 U.S.C. § 1105a(a). As the BIA issued a summary affirmance of the IJ's decision, we "scrutinize the IJ's decision as we would a decision by the BIA itself." *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 855 (9th Cir. 2003). We review for substantial evidence the denial of asylum and withholding of deportation and will reverse the BIA's determination only if petitioner shows evidence that compels such a result. *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir.1997). We deny the petition.

Substantial evidence supports the IJ's finding that Cokanavula did not demonstrate eligibility for asylum because he failed to show an objectively reasonable fear of persecution, in part because of changed country conditions. *See Kumar v. INS*, 204 F.3d 931, 934 (9th Cir.2000). Because Cokanavula failed to demonstrate eligibility for asylum, it follows that he did not demonstrate eligibility under the more stringent standard for withholding of deportation. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

We reject Cokanavula's contention that the BIA's streamlining procedure violates due process and that this case is distinguishable from *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849–52 (9th Cir.2003) (holding that the BIA's streamlining procedure does not violate an alien's due process rights and observing that "not every case is novel in the eyes of the law").

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004) (order), petitioners' voluntary departure period will begin to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Kinijoji Cokanavula is the lead petitioner. The claims of his wife, Alumita Wati Cokanavula, and his daughter, Salote Senilagaki Cokanavula, are derivative.